IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GIGERE JACKSON, | § | |
| | § | |
| Defendant Below, | § | No. 73, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1707014544 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 22, 2019
Decided: October 8, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1) On July 19, 2017, a member of the Wilmington Police Department Drug, Organized Crime, and Vice Division submitted an application for a warrant to search Gigere Jackson's residence. The affidavit of probable cause alleged facts that gave the officer probable cause to believe that there would be cocaine in the property, including that a confidential informant had made two controlled purchases of crack

cocaine from Jackson outside the residence.[1]  The officers who executed the warrant did not find any drugs, but in a cooler in Jackson's bedroom they found two loaded handguns, along with some mail that was addressed to Jackson.

(2)     The officers arrested Jackson and then obtained a second search warrant to obtain a DNA sample from Jackson.  The results of an analysis of Jackson's DNA sample and DNA that was obtained from one of the guns indicated a very high probability that the DNA on the gun belonged to Jackson.

(3)     Following a Superior Court bench trial, Jackson was convicted of two counts of Possession of a Firearm by a Person Prohibited ("PFBPP") and two counts of Possession of Ammunition by a Person Prohibited ("PABPP").  The court sentenced Jackson to consecutive ten-year terms of imprisonment—the minimum mandatory sentence—for the two counts of PFBPP, followed by six months of probation.  The court suspended the sentence on the PABPP charges.  This is Jackson's direct appeal.

(4)     On appeal, Jackson's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Jackson's counsel asserts that, based upon a conscientious review of the record, he has concluded that the appeal is without merit. Counsel informed Jackson of the provisions of Rule 26(c) and provided him with a

---

[1] In a "controlled buy," the police provide money to a buyer who is searched before and after making contact with the seller.  During the actual sale, the police observe as much of the transaction as possible.  *Santini v. State*, 1995 WL 420802 (Del. July 7, 1995).

2

copy of the motion to withdraw and the accompanying brief. Counsel also informed Jackson of his right to supplement counsel's presentation. Jackson responded with points that he wanted to present for the Court's consideration, which counsel included with the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(5) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(6) Jackson has enumerated fourteen issues for the Court's consideration. Many of Jackson's arguments raise claims of ineffective assistance of counsel. In general, the Court does not consider on direct appeal claims of ineffective assistance of counsel and does not do so here.[4] For the reasons discussed below, we conclude

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).
[3] *Penson*, 488 U.S. at 81.
[4] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994). *See also Woods v. State*, 2019 WL 643862, at *3 (Del. Feb. 14, 2019) ("Typically an ineffective counsel claim is pursued through a motion for postconviction relief under Superior Court Criminal Rule 61 and is adjudicated on the basis of the record developed during the postconviction proceeding.").

that Jackson's other claims are without merit. We therefore affirm the Superior

Court's judgment.

(7) First, Jackson argues that the search warrant was invalid because the

State did not present any evidence of drugs. We understand Jackson to be arguing

that the evidence of the guns should have been suppressed because they were found

during a search that was conducted under a warrant that authorized the officers to

search Jackson's residence for drugs, not guns. Although Jackson was represented

by counsel at trial, the Superior Court allowed Jackson to address the court

concerning this issue. After reviewing the warrant and hearing Jackson's concern,

the court stated:

> Generally, once a search warrant is issued, the police then have the
> authority to search anyplace within the confines of the warrant, here
> being the residence and your person, that may, in fact, have drug
> evidence.
>     The fact that they may not find it, but find other evidence, or
> other contraband, or such things, generally that is permitted by law, Mr.
> Jackson.[5]

(8) The Superior Court correctly summarized the law and its application in

this case. The warrant authorized the search of Jackson's residence for drugs, and

drugs could be concealed in the cooler that they found in the residence; the officers

---

[5] Appendix to Opening Brief, at A-21-22. *See also id.* at A-22 ("I've seen the cooler itself. Clearly, that could hold drug evidence, if, in fact, there were drugs in the house. So it wouldn't be invalid for the police to look there.").

4

therefore acted within the scope of the warrant when they looked in the cooler.[6] Upon lawfully looking in the cooler, the contraband nature of the guns would have been immediately apparent to the officers, who knew that Jackson was a person prohibited from possessing firearms. They therefore were permitted to seize the guns without obtaining another warrant.[7]

(9)    Second, Jackson contends that the State violated his rights by arresting him and then obtaining a second search warrant "for guns/person prohibited."[8] Jackson does not elaborate on his argument, and he seems to misapprehend the purpose of the second warrant, which was to collect DNA evidence, not to search for guns. Jackson cites no authority for his argument, and we conclude that Jackson has not identified an arguable appellate issue concerning the second warrant.

(10)    Third, Jackson asserts that the State violated his constitutional right to a speedy trial because he was arrested on July 20, 2017 and trial did not begin until

---

[6] *See Santini*, 1995 WL 420802 (holding that the police did not exceed the scope of a warrant authorizing a search of the defendant's house for drugs when they opened a safe in his bedroom). *See also United States v. Ross* 456 U.S. 798, 820-2 (1982) ("A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.").

[7] *See Horton v. California*, 496 U.S. 128, 142 (1990) ("In this case the items seized from petitioner's home were discovered during a lawful search authorized by a valid warrant. When they were discovered, it was immediately apparent to the officer that they constituted incriminating evidence. . . . The search was authorized by the warrant; the seizure was authorized by the 'plain-view' doctrine.").

[8] As with the first warrant, the Superior Court at trial allowed Jackson to address the court regarding the second warrant. Appendix to Opening Brief, at A-22. The court explained to Jackson that the second warrant authorized the police to obtain a DNA sample and began to inquire further about the nature of Jackson's contention, when Jackson indicated that he understood. *Id.*

August 7, 2018. Jackson did not raise this issue in the Superior Court, and we therefore review for plain error.[9] It appears that the court originally scheduled trial for January 25, 2018, but the trial was rescheduled because defense counsel had another trial that day. When determining whether a defendant's right to a speedy trial has been violated, the courts consider four factors: (i) the length of the delay; (ii) the reason for the delay; (iii) the defendant's assertion of the right to a speedy trial; and (iv) prejudice to the defendant.[10] In this case, we find no plain error: the length of time between Jackson's arrest and his trial, while relatively long in a fairly straightforward case, was not presumptively prejudicial; a single rescheduling because defense counsel had a scheduling conflict was not unreasonable; Jackson did not raise this issue at trial; and there is no indication that the delay caused Jackson any prejudice.[11]

(11) Finally, citing *Marbury v. Madison*,[12] Jackson argues that "a law repugnant to the Constitution is void," that "courts as well as other dep[artments] are bound by that instrument," and "the rule must be disregarded." This argument is not ripe for appellate review, because Jackson did not raise it before the Superior

---

[9] *Page v. State*, 934 A.2d 891, 896 (Del. 2007).

[10] *Id.*

[11] *See Ringgold v. State*, 2012 WL 983199, at *2 (Del. Mar. 20, 2012) (reviewing speedy trial claim).

[12] 5 U.S. 137 (1 Cranch) (1803).

6

Court.[13]  In any event, we cannot discern what law or rule Jackson claims is unconstitutional, and we find no grounds for reversal on this point.

(12)  The Court has carefully reviewed the record and concluded that Jackson's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Jackson could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[13] DEL. SUPR. CT. R. 8.